# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**FILED**

July 23, 2014

Lyle W. Cayce
Clerk

No. 13-31273
Summary Calendar

CENTER FOR INDIVIDUAL FREEDOM,

Plaintiff-Appellant

v.

CHARLES R. SCOTT; M. BLANK MONROSE; SCOTT SCHNEIDER; TERRY BACKHAUS; JULIA E. BLEWER; CHARLES EMILE BRUNEAU, JR.; JEAN INGRASSIA; LOUIS LEGGIO; STEVE LEMKE; BOB MCANELLY; ASHLEY KENNEDY SHELTON; GROVE STAFFORD,

Defendants-Appellees

Appeal from the United States District Court
for the Western District of Louisiana
USDC No. 5:13-CV-2715

Before HIGGINBOTHAM, DENNIS, GRAVES, Circuit Judges.

PER CURIAM:*

Plaintiff-appellant Center for Individual Freedom appeals from the district court's denial of its motion to preliminarily enjoin enforcement of the Louisiana Campaign Finance Disclosure Act in a manner inconsistent with this court's prior ruling in *Center for Individual Freedom, Inc. v. Carmouche*,

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 13-31273

449 F.3d 655 (5th Cir. 2006). Defendants-appellees are various officials of the State of Louisiana. Before the district court, the Center contended that the State was enforcing the Campaign Finance Disclosure Act impermissibly under *Carmouche*, which upheld the constitutionality of the statute against a First Amendment "vagueness" challenge by applying a limiting construction to the statute's reach. The district court struggled, understandably, with how to interpret the Center's claim, whether as contending that the statute is unconstitutional on its face, that the statute is being enforced in an unconstitutional manner, or otherwise. The district court concluded, however, that, under any interpretation of the claim, the motion for a preliminary injunction should be denied. For the reasons that follow, we affirm.

Under the Campaign Finance Disclosure Act,

> [a]ny person, other than a candidate or a political committee, who makes any expenditure . . ., shall file reports if . . . said expenditures . . . exceed five hundred dollars in the aggregate during the aggregating period as defined for committees.

La. Rev. Stat. § 18:1501.1(A)(1). An "expenditure" means generally a use of money or property "for the purpose of supporting, opposing, or otherwise influencing the nomination or election of a person to public office." *Id.* § 18:1483(9). If an organization's expenditures "exceed five hundred dollars in the aggregate" during the statutory "aggregating period," the organization "shall file reports" containing, among other things, the name and address of the organization and the organization's donors that funded the expenditures. *Id.* § 18:1491.7. Failure to file the reports could result in civil or criminal sanctions. *Id.* §§ 18:1505.4, 18:1505.6.

2

No. 13-31273

In *Carmouche*, the Center claimed that the statute's definition of "expenditure" (which includes the use of money or property "for the purpose of . . . *otherwise influencing* the nomination or election of a person to public office," § 18:1483(9) (emphasis added)) was impermissibly "vague and overbroad" under the First Amendment because it could be read to cover (and thus trigger corresponding disclosure requirements enforced by civil and criminal sanctions) both the use of money and property for "express advocacy" (*i.e.*, endorsement of a candidate) and "issue advocacy" (*i.e.*, espousal of a particular viewpoint on a given issue that may have an indirect relation to an election). 449 F.3d at 663.  This court upheld the statute by applying a limiting construction derived from *Buckley v. Valeo*, 424 U.S. 1 (1976), which addressed federal campaign finance statutes requiring similar disclosures.  *Carmouche*, 449 F.3d at 665-66.

In *Buckley*, the plaintiffs challenged, on First Amendment grounds, the constitutionality of various provisions of the Federal Election Campaign Act of 1971 ("FECA").  That statute, at the relevant time, defined an "expenditure" as including the use of money or property "for the purpose of . . . influencing . . . the nomination for election, or the election, of any person to Federal office." 2 U.S.C. § 431(f)(1)(A) (1970 ed., Supp. IV).  If sufficient expenditures were made, the statute required similar disclosures as at issue here.  *See id*. § 434(e) (1970 ed., Supp. IV).  As we explained in *Carmouche*:

> Rather than striking [the statutory disclosure requirements] down as unconstitutional, however, the [*Buckley*] Court imposed a limiting construction on the statute, bringing it within constitutional bounds by drawing a line between express advocacy and issue advocacy.  The Court stated that "we construe 'expenditure' for purposes of [the disclosure

3

> requirement] to reach only funds used for communications that expressly advocate the election or defeat of a clearly identified candidate."

449 F.3d at 664. In a footnote, *Buckley* stated, by way of illustration, that words such as "vote for," "elect," "support," "cast your ballot for," "Smith for Congress," "vote against," "defeat," and "reject," would constitute "express words of advocacy." 424 U.S. at 44 n.52. In *Carmouche*, we referred to these as "well-known 'magic words.'" 449 F.3d at 664.

Thus, this court in *Carmouche* upheld the constitutionality of the Louisiana Campaign Finance Disclosure Act against the Center's "vagueness" challenge by, per *Buckley*, construing the statute's disclosure requirements to be invoked only by "express advocacy," *i.e.*, "communications that expressly advocate the election or defeat of a clearly identified candidate," and not by "issue advocacy." *See id.* at 665. Under such a reading, we held, the challenged provisions are "facially constitutional." *Id.* at 665-66.

Turning to the present case, the Center now contends that, per *Carmouche*, disclosure under the Campaign Finance Disclosure Act cannot be required unless a particular communication includes "magic words," and, the Center further contends, the State is no longer limiting enforcement of the statute to communications including "magic words" and is thus violating *Carmouche*. The Center seeks a declaration that "magic words" are a prerequisite to disclosure and an injunction against enforcement otherwise.

A plaintiff seeking a preliminary injunction must show: (1) a substantial likelihood of success on the merits; (2) a substantial threat of irreparable harm if the injunction is not granted; (3) that the threatened injury outweighs any harm that the injunction might cause to the defendant; and (4) that the

No. 13-31273

injunction will not disserve the public interest.  *Opulent Life Church v. City of Holly Springs*, 697 F.3d 279, 288 (5th Cir. 2012); *Tex. Med. Providers Performing Abortion Servs. v. Lakey*, 667 F.3d 570, 574 (5th Cir. 2012).  We agree with the district court that the Center cannot satisfy the first requirement, a substantial likelihood of success on the merits.

The Center insists that its claim is a "facial" attack, but what precisely the Center means is unclear.  Insofar as the Center's claim is that the statute is unconstitutionally vague on its face, this court has already denied that claim in *Carmouche* and the Center neither contends that new law should change that outcome nor that the statute's text has been amended since we decided *Carmouche*.  Accordingly, *Carmouche* controls and we are impelled to once again deny the Center's claim of facial infirmity.  *See, e.g.*, *In re Pilgrim's Pride Corp.*, 690 F.3d 650, 663 (5th Cir. 2012) (rule of orderliness).

The Center contends that circumstances have changed since *Carmouche* because, while previous State officials enforced the Campaign Finance Disclosure Act in accordance with *Carmouche*, the officials currently in office do not, and thus, the Center faces the risk of an unconstitutional application of the statute against it.  We agree with the district court's conclusion that it lacked jurisdiction to adjudicate this claim.  Federal courts may adjudicate claims only when they are based on "concrete" injuries that are "actual" or "imminent," not merely "conjectural" or "hypothetical."  *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560 (1992) (citations omitted).  To enjoin government conduct that has not yet occurred, there must be a showing that unlawful conduct is sufficiently likely to occur.  *City of Los Angeles v. Lyons*, 461 U.S. 95, 111 (1983).  Here, the record is entirely devoid of, one, any indication of what sort of political speech the Center intends to create, and two, any reason

No. 13-31273

to think that the State will unconstitutionally burden or suppress that speech. In other words, the record is devoid of relevant facts suggesting a real dispute between the parties. *See Jordahl v. Democratic Party*, 122 F.3d 192, 198 (4th Cir. 1997) (declining to adjudicate First Amendment challenge to campaign finance disclosure statute because there was "no evidence" of "actual or threatened [enforcement] of the [statute]"); *Protectmarriage.com-Yes on 8 v. Bowen*, No. 11-17884, 2014 WL 2085305, at *9 (9th Cir. May 20, 2014) (declining to adjudicate First Amendment challenge to statute requiring certain disclosures because the plaintiff could not demonstrate any "concrete plan to engage in protected conduct" that could fall within the ambit of the statute); *Full Value Advisors, LLC v. S.E.C.*, 633 F.3d 1101, 1106 (D.C. Cir. 2011) (declining to adjudicate First Amendment challenge to certain disclosure provisions of the Securities and Exchange Act of 1934 when "it is not yet certain [the company would] be required to comply with [the disclosure provisions]"); *cf. Elend v. Basham,* 471 F.3d 1199, 1211 (11th Cir. 2006) (declining to adjudicate First Amendment claim involving protest rights because the "analysis depends so critically on the location and circumstances of the protest zone" and "we don't know when [the plaintiffs] will protest, we don't know where they will protest, and we don't know how they will protest").

"A court is not permitted to prescribe how a state must deal with disputes that have never arisen and may never do so." *Wis. Right to Life, Inc. v. Paradise*, 138 F.3d 1183, 1187 (7th Cir. 1998). "Such a foray is the paradigm of an advisory opinion." *Id.*

AFFIRMED.

6